UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASENO.09-61110-CIV-DIMITROULEAS
MAGISTRATE JUDGE P. A. WHITE

OTIS I. ARCHIE, SR.,                    :

       Plaintiff,              :

v.                                      :        REPORT OF
                                                 MAGISTRATE JUDGE
OFFICER STEVEN GREENLAW,                :

       Defendant.              :
_____

I.   Introduction

This Cause is before the Court upon the motion to dismiss filed by defendant Officer Steven Greenlaw. [DE# 19].

On July 23, 2009, Otis I. Archie, Sr., while confined in the Broward County Jail, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983.[DE# 1]. The plaintiff is proceeding in forma pauperis. In his initial complaint, the plaintiff simply stated that Officer Steven Crenshaw violated his rights by illegally arresting him and falsely imprisoning him between the period of January 3, 2007, to August 2, 2007. The complaint was insufficient, and the plaintiff was ordered to file an amendment.

In the first amended complaint (DE#8), the plaintiff substituted as the sole defendant Fort Lauderdale Police Officer S. Greenlaw for Defendant Crenshaw.  He alleged that Greenlaw engaged in false arrest on January 3, 2007, and false imprisonment by making false statements.  He states that Greenlaw had no probable cause to arrest him and told him that "someone had to take the fall for a drug deal gone bad."  He claims that Greenlaw made false statements during pretrial hearings, and he was ultimately acquitted on August 2, 2007.  The plaintiff did not provide any

specific details concerning the arrest or the alleged false statements, and he was required to file a second amended complaint.

The plaintiff filed a second amended complaint (DE#10) and service was ordered upon the sole defendant Officer Greenlaw.

In the second amended complaint the plaintiff states that he was approached by Detective Greenlaw, posing as an undercover agent looking to buy $40.00 of crack cocaine. He states he told the detective that there was "nothing like that round here" and for him to go around the block. He claims that Greenlaw parked in a lot across the street and was approached by a man who sold him $40.00 worth of crack cocaine. When Greenlaw attempted to arrest him, the suspect escaped. He claims that Greenlaw became angry, and as a result, arrested him instead. He states that Greenlaw lied in the probable cause affidavit.

The defendant filed a motion to dismiss (DE#19) stating that the plaintiff's second amended complaint fails to state a claim under Bell Atlantic Corp v Twombly, 550 U.S. 544, 555 (2007).

## II.  Analysis

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not

nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007)(quoting <u>Twombly</u>, 127 S.Ct. at 1964).

<u>False Arrest</u>

A warrantless arrest without probable cause violates the Fourth Amendment and can form the basis for a §1983 claim. <u>Rodriquez v. Farrell</u>, 280 F.3d 1341, 1345 (11 Cir. 2002). However, if probable cause existed for an arrest, then the Fourth Amendment was not violated. <u>Jordan v. Mosley</u>, 487 F.3d 1350, 1355 (11 Cir. 2007).  Probable cause exists when "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." <u>Id.</u> at 1355 (internal quotation and citation omitted).

In this case, the <u>pro-se</u> plaintiff has attempted to amend his complaint to include the facts surrounding his allegedly false arrest. He alleges that (liberally construed) Greenlaw arrested him

3

after becoming frustrated that the true perpetrator escaped. He states that, once in custody he couldn't make bail and had to wait seven months until a Court date resulted in an acquittal. He claims that Detective Greenlaw was found "incompetent" and the charges were dismissed because of lack of physical evidence. These allegations support a cognizable claim that Greenlaw may have made an arrest without probable cause in violation of the plaintiff's constitutional rights, rights which were clearly established at the time of the alleged violation.

Although the Court's Order indicated that the plaintiff's amendment must be complete, and that no other amendments would be considered, in this case, in light of the plaintiff's pro-se status and several attempts to include all allegations in his complaint, the operative complaints will be both the amended complaint (DE#8) and the second amended complaint (DE#10).

## III.  Conclusion

Based on the foregoing, it is recommended that defendant Greenlaw's Motion to Dismiss [DE# 19] be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 23rd day of March, 2010.

UNITED STATES MAGISTRATE JUDGE

cc:   Otis I. Archie, Sr., <u>Pro Se</u>
      No. 653352
      Jackson Work Camp
      Address of record

      Alain Boileau, Esq.
      Adorno & Yoss LLP
      Fort Lauderdale, FL 33316
      Address of record