UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASENO.09-61110-CIV-DIMITROULEAS
MAGISTRATE JUDGE P. A. WHITE

OTIS I. ARCHIE, SR.,                    :

      Plaintiff,                      :

v.                                      :    <u>REPORT OF</u>
                                             <u>MAGISTRATE JUDGE</u>
OFFICER STEVEN GREENLAW,                :        (DE#33)

      Defendant.                      :
_____

## I.  <u>Introduction</u>

This Cause is before the Court upon the plaintiff's motion for summary judgment (DE#33) and the Defendant's response in opposition. (DE#36)

On July 23, 2009, Otis I. Archie, Sr., while confined in the Broward County Jail, filed a <u>pro se</u> civil rights complaint pursuant to 42 U.S.C. §1983.[DE# 1]. The plaintiff is proceeding <u>in forma pauperis</u>. In his initial complaint, the plaintiff simply stated that Officer Steven Crenshaw violated his rights by illegally arresting him and falsely imprisoning him between the period of January 3, 2007, to August 2, 2007. The complaint was insufficient, and the plaintiff was ordered to file an amendment.

In the first amended complaint (DE#8), the plaintiff substituted as the sole defendant Fort Lauderdale Police Officer S. Greenlaw for Defendant Crenshaw.  He alleged that Greenlaw engaged in false arrest on January 3, 2007, and false imprisonment by making false statements.  He states that Greenlaw had no probable cause to arrest him and told him that "someone had to take the fall for a drug deal gone bad."  He claims that Greenlaw made false statements during pretrial hearings, and he was ultimately acquitted on August 2, 2007.  The plaintiff did not provide any

specific details concerning the arrest or the alleged false
statements, and he was required to file a second amended complaint.
The plaintiff filed a second amended complaint (DE#10) and service
was ordered upon the sole defendant Officer Greenlaw.

In the second amended complaint the plaintiff states that he
was approached by Detective Greenlaw, posing as an undercover agent
looking to buy $40.00 of crack cocaine. He states he told the
detective that there was "nothing like that round here" and for him
to go around the block. He claims that Greenlaw parked in a lot
across the street and was approached by a man who sold him $40.00
worth of crack cocaine. When Greenlaw attempted to arrest him, the
suspect escaped. He claims that Greenlaw became angry, and as a
result, arrested him instead. He states that Greenlaw lied in the
probable cause affidavit.

<u>Defendant's Motion to Dismiss</u>

The defendant filed a motion to dismiss, claiming that the
plaintiff had failed to state a claim.

A warrantless arrest without probable cause violates the
Fourth Amendment and can form the basis for a §1983 claim.
<u>Rodriquez v. Farrell</u>, 280 F.3d 1341, 1345 (11 Cir. 2002). However,
if probable cause existed for an arrest, then the Fourth Amendment
was not violated. <u>Jordan v. Mosley</u>, 487 F.3d 1350, 1355 (11 Cir.
2007). Probable cause exists when "the facts and circumstances
within the officers' knowledge, of which he or she has reasonably
trustworthy information, would cause a prudent person to believe,
under the circumstances shown, that the suspect has committed, is
committing, or is about to commit an offense." <u>Id.</u> at 1355
(internal quotation and citation omitted).

In this case, the <u>pro-se</u> plaintiff has attempted to amend his complaint to include the facts surrounding his allegedly false arrest. He alleges that (liberally construed) Greenlaw arrested him after becoming frustrated that the true perpetrator escaped. He states that, once in custody he couldn't make bail and had to wait seven months until a Court date resulted in an acquittal. He claims that Detective Greenlaw was found "incompetent" and the charges were dismissed because of lack of physical evidence. These allegations support a cognizable claim that Greenlaw may have made an arrest without probable cause in violation of the plaintiff's constitutional rights, rights which were clearly established at the time of the alleged violation.  It was Recommended that the Motion to Dismiss be denied, and the Report was adopted on April 12, 2010.

<u>Plaintiff's Motion for Summary Judgment</u>

II.   <u>Analysis</u>

A. <u>The Law of Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper:

> [I]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of a law.

In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Court held that summary judgment should be entered against:

> [A] party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof

3

at trial.  In such a situation, there can be
"no genuine issue as to any material fact,"
since a complete failure of proof concerning
an essential element of the non-moving party's
case necessarily renders all other facts
immaterial.  The moving party is "entitled to
judgment as a matter of law" because the non-
moving party has failed to make a sufficient
showing on an essential element of her case
with respect to which she has the burden of
proof.  (Citation omitted).

Thus, pursuant to Celotex and its progeny, a movant for
summary judgment bears the initial responsibility of informing the
court of the basis for his motion by identifying those portions of
the record that demonstrate the nonexistence of a genuine issue of
material fact.  This demonstration need not be accompanied by
affidavits.  Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir.
1990).

If the party seeking summary judgment meets the initial burden
of demonstrating the absence of a genuine issue of material fact,
as the defendants have in this case, the burden then shifts to the
non-moving party, in this case the plaintiff, to come forward with
sufficient evidence to rebut this showing with affidavits or other
relevant and admissible evidence.  Avirgan v. Hull, 932 F.2d 1572,
1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the non-
moving party's burden to come forward with evidence on each
essential element of his claim sufficient to sustain a jury
verdict.  Earley v. Champion International Corp., 907 F.2d 1077,
1080 (11 Cir. 1990).  The non-moving party, even a pro se prisoner,
cannot rely solely on his complaint and other initial pleadings to
contest a motion for summary judgment supported by evidentiary
material, but must respond with affidavits, depositions, or
otherwise to show that there are material issues of fact which

4

require a trial <u>Fed.R.Civ.P.</u> 56(e); <u>Coleman v. Smith</u>, 828 F.2d 714 (11 Cir. 1987); <u>Brown v. Shinbaum</u>, 828 F.2d 707 (11 Cir. 1987).

If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986); <u>Baldwin County, Alabama v. Purcell Corp.</u>, 971 F.2d 1558 (11 Cir. 1992).

Despite the liberality with which courts are obliged to interpret <u>pro se</u> complaints, "a <u>pro se</u> litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." <u>Brown v. Crawford</u>, 906 F.2d 667, 670 (11 Cir. 1990).

The plaintiff has filed a brief motion for summary judgment, essentially alleging that there are no facts in dispute, and the record clearly establishes the defendant violated his rights by falsely arresting him. He argues that he was acquitted of the charge of solicitation on July 30, 2007 (See Reply Exhibit 1). He states that Office Crenshaw was terminated from the Ft. Lauderdale Police Department on August 31, 2009.

The defendant argues that the motion for summary judgment should be denied for the following reasons: 1) Archie's conclusory statement fails to meet the burden of establishing that there are no genuine issues of material fact, 2) there remain issues of material facts related to Archie's arrest and 3)there did exist probable cause and /or arguable probable cause for Archie's arrest.

<u>Statement of Facts</u>

The facts as stated in the Ft Lauderdale Police Department Offense Incident Report: Detective Greenlaw was working in an undercover capacity, wearing plain clothes and driving an unmarked police vehicle. He was wired with a listening device monitored by Sgt. Michael Nahum. The detectives used currency derived from investigative funds marked for identification at the start of the Operation. (See Investigative Report, Exh A at 3). Greenlaw observed Archie in the parking lot. He made contact with him, and Archie asked Greenlaw "what you need?". Greenlaw replied "Im looking for like forty" meaning $40.00 worth of crack cocaine. Archie replied "forty" and told Greenlaw to go down, turn around and come back. Archie waived Greenlaw into a parking space and walked to the passenger side. A second male engaged Greenlaw in conversation, asking what he wanted. Greenlaw replied he was looking for forty. The second man provided Greenlaw with 2 pieces of crack cocaine for forty dollars. Archie became angry and hit Greenlaw's front passenger door window with his hand. Once the transaction was completed, Greenlaw signaled the arrest team, and Archie and the second man were arrested. The money in the second man's pants tested positive for crack cocaine.

Archie was charged with solicitation to commit a felony (delivery of cocaine) and taken to Ft Lauderdale jail for processing and then Broward County Jail for Booking. (Offense Incident Report Exhibit A at 4 and Complaint and Probable Cause Affidavit Exhibit B).

Under the above factual scenario as listed in the Investigative Report "the facts and circumstances within the officers' knowledge, of which he or she has reasonably trustworthy

information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Jordan, supra at 1355.

The facts as stated on the Offense Incident Report reveal that Archie attempted to sell cocaine to the undercover police officer and was angry when a second man completed the transaction, banging on the officer's car. Archie claims that Greenlaw lied on the investigative report, but there is no evidence supporting this claim.

Further, the plaintiff states that Greenlaw was angry when the second suspect escaped and so arrested him instead. The Lauderdale Arrest Report does not indicate that the second man escaped. It states that both suspects were taken into custody.

The plaintiff provides only the facts that he was acquitted, and that Sgt. Greenlaw was let go from his job two years after he was acquitted. The fact that the plaintiff was acquitted does not automatically negate the fact that there may have been probable cause for his arrest, and the fact that Greenlaw was discharged two years later may have no relation to the plaintiff's case.

III. Conclusion

At this stage it appears that there are material facts in dispute regarding the issue of whether there was sufficient probable cause to arrest. The plaintiff's version of the facts differs dramatically from the Defendant's version, as stated in the Incident Report. It is therefore recommended that the plaintiff's motion for summary judgment (DE#33) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 25th day of October, 2010.

_____

UNITED STATES MAGISTRATE JUDGE

CC: Otis Archie, pro-se
    No. 653352
    Jackson Work Camp
    Address of record

    Alain Boileau, Esq.
    Adorno & Yoss LLP
    Ft Lauderdale, FL 33316
    Address of record